IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IMAGE PROCESSING TECHNOLOGIES, LLC | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 2:16-CV-505-JRG |
| SAMSUNG ELECTRONICS CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC. | § § § § § | |
| *Defendants*. | § | |

## ORDER

The Court held a hearing on October 17, 2017, regarding certain outstanding Motions before the Court. At the hearing, the Court ruled on the record, and announced from the bench that this written Order would follow, on the following two Motions: (1) Samsung Electronics Co., LTD's and Samsung Electronics America, Inc.'s (collectively, "Samsung") Renewed Motion to Sever and Stay Pending Inter Partes Review (Dkt. No. 159); and (2) Samsung's Motion to Stay Pending Determination of Inter Partes Review (Dkt. No. 285). As announced at the hearing, and having considered the briefing, argument of counsel, and the relevant authorities, the Court is of the opinion that this case should be stayed pending completion of Inter Partes Review ("IPR") and to that extent such Motions should be and hereby are **GRANTED**.

Currently, Plaintiff Image Processing Technologies, LLC ("IPT") asserts three patents: U.S. Patent No. 8,983,134 ("the '134 Patent"), U.S. Patent No. 6,959,293 ("the '293 Patent"), and U.S. Patent No. 6,717,518 ("the '518 Patent"). Of the claims in these patents, only four remain asserted in this case. The PTAB has instituted IPR on both asserted claims of the '134 Patent and the only asserted claim of the '518 Patent. (*See* Dkt. Nos. 153-2 and 285). Only one asserted

claim—Claim 1 of the '293 Patent—is left before this Court without any pending IPR proceeding.[1]

On December 23, 2016, Samsung filed a Motion to Stay Pending Determination of Inter Partes Review of the Patents-in-Suit (Dkt. No. 67), which the Court denied as premature because the PTAB had not yet decided whether or not to review. (Dkt. No. 91.) On June 6, 2017, following the PTAB's institution of proceedings on some of the claims of the patents-in-suit, including Claims 1 and 2 of the '134 Patent, Samsung filed a Renewed Motion to Sever and Stay Pending Inter Partes Review. (Dkt. No. 159.) Samsung also filed a separate Motion to Stay Pending Inter Partes Review (Dkt. No. 285) on October 5, 2017 following the PTAB's institution of proceedings on Claim 39 of the '518 Patent.

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage . . . and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.).

Having considered the factors outlined above, the Court is persuaded that the benefits of a stay outweigh the costs of delaying trial in this particular case. In this case, a stay has the potential to decrease the burdens on the Court and the parties. Potential costs, delay, or prejudice resulting from postponing the resolution of the case are outweighed by the benefits of a stay in this case. Since only one asserted claim is not currently under a simultaneous IPR review, there is a material possibility that the outcome of all IPR proceedings will streamline the scope and resolution of this

---

[1] This Court previously found that Claim 29 of the '293 Patent was directed to patent-ineligible subject matter. (Dkt. No. 305.)

case. While motions to stay are highly individualized matters and parties predict ongoing patterns from the Court at their peril, the Court finds that a stay is warranted under the particular facts and circumstances presented here.

Accordingly, both Samsung's Renewed Motion to Sever and Stay Pending Inter Partes Review (Dkt. No. 159) and Samsung's Motion to Stay Pending Determination of Inter Partes Review (Dkt. No. 285) are **GRANTED** as regards to a stay. As to any requested severance, such Motions are **DENIED**. It is therefore **ORDERED** that this case is **STAYED** until further Order of this Court.

The Parties are further **ORDERED** to file a joint status report with the Court to inform the Court regarding the results of the pending IPR proceedings. Such report shall be filed within fourteen (14) days of the last decision from the PTAB with respect to the Asserted Claims and Patents. A courtesy copy of such joint status report shall be delivered to chambers within the above time period. Such report shall be joined in by lead counsel (and local counsel to the extent local counsel have appeared herein) for each party.

All pending motions not previously disposed of by the Court in this case, including motions pending in the above listed member cases, are hereby **DENIED WITHOUT PREJUDICE**. At such further date as the stay is lifted by the Court, and within fourteen (14) days thereafter, the parties may re-urge any motion denied without prejudice herein.

**So ORDERED and SIGNED this 25th day of October, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE